■ FEDERAL INSURANCE COMPANY, as Subrogee of LAVERNE, INC., et al., Respondents, v LINUS REALTY CORPORATION, Appellant, and Third-Party Plaintiff-Appellant. S. AXMAN & SON, INC., et al., Third-Party Defendants-Respondents. (Action No. 1.) DELL PUBLISHING Co., INC., Respondent, v LINUS REALTY CORP., Appellant, and UNITED DISPLAY PRODUCTS, INC., et al., Respondents. (Action No. 2.) LINUS REALTY CORPORATION, Appellant, v S. AXMAN & SON, INC., et al., Respondents. (Action No. 3.)—Order, Supreme Court, New York County, entered May 4, 1979, reversed, to the extent appealed from, in the exercise of discretion, and defendant-appellant Linus Realty Corporation's motion for leave to amend its answer granted, on condition that, within 20 days after service of the order entered hereon, defendant shall pay to plaintiffs one bill of $250 in costs, and to respondents Fried & Fried, Inc., United Display Products, Inc., Tetramatics, Ltd., and Sidney Bernstein, doing business as Artistic Design Pleasure Hours, Inc., $50 costs and disbursements of this appeal, and should such payments of costs not be made as specified, the order is affirmed, with $50 costs and disbursements of this appeal to said respondents. The incident basic to this case occurred in August, 1974 and this action was commenced in January, 1976. In July, 1978 the action was consolidated with another, and an order made that all examinations be completed shortly thereafter. In February, 1979 defendant made the instant motion for leave to amend the answer to interpose a defense of waiver. In so moving, defendant blamed plaintiff's attorneys for delay in failing to provide it with a copy of the leases involved in this case. It was not until defendant found its own mislaid copies that it discovered a separate allegedly meritorious defense based on waiver, and moved for leave to amend. Defendant was at fault and is responsible for delay of the trial. But a valid reason for amendment is stated and, in any event, discovery has still not been completed. Plaintiff, having possession of the leases, is not surprised by the proposed amendment and will not be prejudiced. However, a sanction for causing the delay by mislaying the papers is in order. Concur—Bloom, J. P., Lane, Markewich, Lupiano and Ross, JJ.